**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, New York 10036
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Kathleen M. Aiello
Andrew C. Brown

*Counsel to Plaintiff Yann Geron,*
*Chapter 7 Trustee*

Hearing Date: March 11, 2024
Hearing Time: 2:00 p.m. (EST)

**Objection Deadline: March 4,**
**2024, at 5:00 p.m. (EST)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------x
In re                                                                   :
                                                                            :        Chapter 7
EIGHT-115 ASSOCIATES, LLC,                         :
                                                                            :        Case No. 20-11812 (MG)
                                  Debtor.                            :
--------------------------------------------------------x
YANN GERON, as Chapter 7 Trustee of          :
Eight-115 Associates, LLC,                              :
                                                                            :
                                  Plaintiff,                          :
                                                                            :
          -against-                                                  :        Adv. Pro. No. 22-01126 (MG)
                                                                            :
                                                                            :
DANIEL REIFER, RMC EQUITIES, LLC          :
and DRR IRREVOCABLE TRUST,                    :
                                                                            :
                                  Defendants.                    :
--------------------------------------------------------x

**TRUSTEE'S MOTION FOR AN ORDER, PURSUANT TO FED. R. BANKR. P. 9019,**
**APPROVING THAT CERTAIN SETTLEMENT AGREEMENT BY AND BETWEEN**
**THE PLAINTIFF-TRUSTEE AND DEFENDANTS DANIEL REIFER, RMC EQUITIES,**
**LLC, AND DRR IRREVOCABLE TRUST**

Yann Geron (the "Trustee"), plaintiff in the above-captioned adversary proceeding (the

"Adversary Proceeding") and Chapter 7 trustee for the estate of Eight-115 Associates, LLC (the

"Debtor"), by and through his counsel, Klestadt Winters Jureller Southard & Stevens, LLP, as and

for his motion (the "Motion")[1] for an order, pursuant to Fed. R. Bankr. P. 9019, approving that certain settlement agreement (the "Settlement Agreement") by and between (A) the Trustee, and (B) Daniel Reifer ("Reifer"), RMC Equities, LLC ("RMC Equities"), and DRR Irrevocable Trust (each a "Defendant", and collectively, the "Defendants") (parties to the Settlement Agreement are collectively referred to herein as the "Parties", each a "Party"), respectfully sets forth as follows:

## PRELIMINARY STATEMENT

On or about November 25, 2014, Signature Bank extended a loan (the "First Loan") to the Debtor in the principal amount of $5,775,000.00, pursuant to an Amended, Consolidated and Restated Mortgage Note, which was secured by a certain Mortgage Consolidation, Modification, Security Agreement and Fixture Filing, both dated November 25, 2014. On November 4, 2016, Signature Bank extended a second loan (the "Second Loan") to the Debtor in the principal amount of $1,150,000.00, pursuant to a duly executed Mortgage Note, which was secured by a certain Second Mortgage, Security Agreement, Assignment of Leases and Rent and Fixture Filing, both dated November 4, 2016. Following each of the First Loan and the Second Loan, the Debtor transferred portions of the proceeds thereof to one or more of the Defendants (the "Transfers").

The Trustee commenced the Adversary Proceeding seeking to, among other things, avoid the Transfers from the Debtor to the Defendants as intentional and constructive fraudulent transfers. The Defendants deny liability for several reasons, including, but not limited to, that the Trustee is purportedly unable to prove that the Debtor (i) was insolvent at the time the Transfers were made or was rendered insolvent as a result of the Transfers, and (ii) intended to defraud its creditors by making the Transfers to the Defendants.

---

[1] Capitalized terms used but not immediately defined herein shall have the meanings ascribed to them elsewhere in the Motion.

As described more fully herein, rather than continue to litigate the matter, the Trustee and the Defendants have engaged in arms' length negotiations which have resulted in the Settlement Agreement, a copy of which is attached hereto as **Exhibit "A"**.  Subject to the Bankruptcy Court's approval, the Settlement Agreement resolves all issues and disputes related to the Amended Complaint (later defined) and the Adversary Proceeding. Specifically, the Settlement Agreement provides for: (i) Defendants' one-time payment of $60,000.00 to the Trustee (the "Settlement Payment"), (ii) exchange of certain mutual releases between the Parties, (iii) consensual dismissal of the Adversary Proceeding, and (iv) expungement of the Daniel Reifer Claims (later defined). For the reasons set forth herein, the Trustee believes that the compromise embodied in the Settlement Agreement is fair, reasonable, and in the best interest of the Debtor's estate and its creditors.

Accordingly, the Trustee respectfully requests that this Court enter an order, in substantially the same form as that attached hereto as **Exhibit "B"** (the "Proposed Order"), approving the Settlement Agreement and allowing the Parties to consummate the terms set forth therein.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334, and the "Amended Standing Order of Reference" of the United States District Court for the Southern District of New York (Preska, C.J.), dated January 31, 2012.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.      Venue of the case in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory predicate for the relief requested herein is Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

# **BACKGROUND**

## I. **Introduction**

5.      On August 6, 2020 (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>").

6.      On or around August 7, 2020, the Trustee was appointed interim trustee of the Debtor's estate. On September 18, 2020, the Trustee presided over the first meeting of creditors in the Debtor's case and became the permanent trustee herein by virtue of section 702(d) of the Bankruptcy Code.

## II. **Proofs of Claim Filed by Defendants**

7.      Following the Petition Date, Reifer, by and through his respective corporate entities, filed seven different claims against the Debtor's estate.

8.      On November 6, 2020, RMC Holdings LLC filed Claim Number 2 as a general unsecured claim on the claims register for the Debtor's case in the amount of $85,000 (the "<u>RMC Holdings Claim</u>").

9.      On November 6, 2020, Reifer filed Claim Number 3 as a general unsecured claim on the claims register for the Debtor's case in the amount of $85,000 (the "<u>Reifer Claim</u>").

10.     On November 6, 2020, RMC Equities filed Claim Number 4 as a general unsecured claim on the claims register for the Debtor's case in the amount of $61,222.86 (the "<u>RMC Equities Claim</u>").

11.     On November 6, 2020, Three Nickels LLC, an entity owned by Reifer, filed Claim Number 5 as a general unsecured claim on the claims register for the Debtor's case in the amount of $56,000 (the "<u>Three Nickels Claim</u>").

12.     On November 6, 2020, 1717 Rochester, LLC, an entity owned by Reifer, filed Claim Number 6 as a general unsecured claim on the claims register for the Debtor's case in the amount of $44,360.30 (the "1717 Rochester Claim").

13.     On November 6, 2020, Eastern-D, LLC, an entity owned by Reifer, filed Claim Number 7 as a general unsecured claim on the claims register for the Debtor's case in the amount of $31,100 (the "Eastern-D Claim").

14.     On November 6, 2020, 2 Macon Street Associates, L.P., an entity owned by Reifer, filed Claim Number 8 as a general unsecured claim on the claims register for the Debtor's case in the amount of $10,000 (the "2 Macon Street Claim", and together with the RMC Holdings Claim, Reifer Claim, RMC Equities Claim, Three Nickels Claim, 1717 Rochester Claim, and Eastern-D Claim, the "Daniel Reifer Claims").

### III. The Signature Bank Loans

15.     On or about November 25, 2014, Signature Bank extended the First Loan to the Debtor.  On November 4, 2016, Signature Bank extended the Second Loan to the Debtor.

### IV. The Adversary Proceeding

16.     On August 5, 2022, the Trustee commenced the Adversary Proceeding by filing a complaint against the Defendants seeking, among other things, to avoid the Transfers from the Debtor to the Defendants as intentional and constructive fraudulent transfers [Adv. Pro. Docket No. 1]. Among other claims, the Trustee also asserted that the Defendants had been unjustly enriched as a result of their receipt of the Transfers.  The Trustee also sought to disallow each of the Daniel Reifer Claims pursuant to Section 502 of the Bankruptcy Code.

17.     On September 7, 2022, Defendants filed the *Defendants' Motion for Entry of an Order Abstaining from this Adversary Proceeding, or, Alternatively, Dismissing the Complaint*

(the "Motion to Dismiss") [Adv. Pro. Docket Nos. 4 and 5]. A Hearing on the Motion to Dismiss was held on March 2, 2023.

18.     Following entry of the Bankruptcy Court's *Memorandum Opinion and Order Granting in Part and Denying in Part Motion to Dismiss*, dated March 29, 2023 [Adv. Pro. Docket No. 23], the Trustee filed an amended complaint, dated April 28, 2023 (the "Amended Complaint") [Adv. Pro. Docket No. 25].

19.     On May 19, 2023, the Defendants filed their answer to the Trustee's Amended Complaint (the "Answer") [Adv. Pro. Docket No. 27]. The Defendants deny the claims contained in the Amended Complaint and expressly reserve all defenses thereto to the extent the Settlement Agreement is not approved by the Bankruptcy Court.

## THE SETTLEMENT AGREEMENT

20.     The Settlement Agreement is the result of good faith and arms' length negotiations between the Parties and seeks to settle and resolve all issues and disputes related to the Amended Complaint and the Adversary Proceeding.

21.     By way of summary, the Settlement Agreement between the Parties provides for the following[2]:

> ➢ **Settlement Payment and Delivery**. Simultaneously with the execution of the Settlement Agreement, the Defendants delivered the Settlement Payment to the Trustee, in the form of a check made payable to "Yann Geron, as Chapter 7 Trustee of the estate of Eight-115 Associates, LLC". The Trustee is currently holding the Settlement Payment pending Bankruptcy Court approval of the Settlement Agreement, which shall be returned to the Defendants in the event the Settlement Agreement is not approved by the Bankruptcy Court.

> ➢ **Bankruptcy Court Approval Required**. The Settlement Agreement between the Parties is subject in all respects to the approval of the Bankruptcy Court evidenced by

---

[2] For ease of reference, the Trustee has included a summary of the terms of the Settlement Agreement here. Parties are encouraged to review the entire Settlement Agreement and not rely on the summary set forth herein. To the extent there is any express or implied conflict between the terms of the Settlement Agreement and the description contained herein, the terms of the Settlement Agreement shall control.

the entry of a written order (an "<u>Approval Order</u>"). None of the Parties shall be bound by the provisions of the Settlement Agreement unless and until the Bankruptcy Court enters the Approval Order, and the Approval Order becomes final and non-appealable (a "<u>Final Order</u>").

➢ **Conditions Precedent**. The terms of the Settlement shall become effective (the "<u>Effective Date</u>") upon satisfaction of the following conditions: (a) execution of the Settlement Agreement by the Parties; (b) receipt and clearance of the Settlement Payment by the Trustee; and (c) the Approval Order becoming a Final Order. Two of the three conditions precedent have already been satisfied.

➢ **Stipulation of Dismissal with Prejudice**. Within five (5) business days of the Effective Date, the Trustee's counsel shall file a stipulation of dismissal with prejudice of the Adversary Proceeding.

➢ **Release of Claims by the Trustee and the Debtor's Estate**. Upon the Effective Date, the Trustee on behalf of himself and on behalf of the Debtor and its estate, shall be deemed to have waived, set aside, discharged, settled, compromised, and released any and all claims (to be interpreted in the broadest manner possible), causes of action, rights and remedies he has, had or may have against the Defendants which arise from or otherwise relate to the Amended Complaint and the Adversary Proceeding.

➢ **Release of Claims by the Defendants**. Upon the Effective Date the Defendants shall be deemed to have waived, set aside, discharged, settled, compromised, and released any and all claims (to be interpreted in the broadest manner possible), causes of action, rights and remedies they have, had or may have against the Trustee or the Debtor's estate which arise from or otherwise relate to the Amended Complaint and the Adversary Proceeding.

➢ **Daniel Reifer Claims Expunged**. Upon the Effective Date, without the need for further action or Order of the Bankruptcy Court, each of the Daniel Reifer Claims shall be deemed disallowed and expunged from the Debtor's claims register.

➢ **No Third-Party Beneficiary Right**. The Settlement Agreement is not intended to and shall not be construed to give any person, other than the Parties to the Settlement Agreement, any interest, or rights, including, without limitation, any third-party beneficiary rights, with respect to or in connection with any agreement or provision contained herein.

## RELIEF REQUESTED

22.    By this Motion, the Trustee requests entry of the Proposed Order, pursuant to Bankruptcy Rule 9019, approving the Settlement Agreement.

## BASIS FOR RELIEF

23.    Bankruptcy Rule 9019 provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019(a). In ruling on a motion pursuant to Bankruptcy Rule 9019(a), the court must find that the proposed settlement is fair and equitable and is in the best interests of the estate. *Protective Comm. for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968); *Fischer v. Pereira (In re 47-49 Charles Street, Inc.)*, 209 B.R. 618, 620 (S.D.N.Y. 1997); *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 426 (S.D.N.Y. 1993), aff'd 17 F.3d 600 (2d Cir. 1994); *In re Fugazy*, 150 B.R. 103 (Bankr. S.D.N.Y. 1993).

24.    In order to reach such a decision, the Court must be apprised "of all facts necessary for an intelligent and objective opinion" of whether the claim will be successful, the likely expense, length and the degree of complexity of the litigation, the potential difficulties of collecting on a judgment "and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *TMT Trailer Ferry*, 390 U.S. at 424.

25.    To constitute a fair and equitable compromise or settlement, the Court must find that the settlement does not "fall below the lowest point in the range of reasonableness." *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983); *In re Drexel Burnham Lambert Group, Inc.*, 138 B.R. 723, 758-59 (Bankr. S.D.N.Y. 1992); *In re Int'l Distribution Centers, Inc.*, 103 B.R. 420, 423 (Bankr. S.D.N.Y. 1989).

26.    The Court should also consider the fair and reasonable course of action for the debtor's estate, with the limited available assets, giving consideration to the interests of creditors and the avoidance of burdening the estate with undue waste or needless or fruitless litigation. *In re Del Grosso*, 106 B.R. 165, 167-168 (Bankr. N.D. Ill. 1989); *see also In re Culmtech, Ltd.*, 118

B.R. 237, 238 (Bankr. M.D. Pa. 1990); *In re Lawrence & Erausguin, Inc.*, 124 B.R. 37, 38 (Bankr. N.D. Ohio 1990); *In re Bell & Beckwith*, 93 B.R. 569, 574-75 (Bankr. N.D. Ohio 1988).

27.     The Court is not required conclusively to determine the merits of a claim subject to compromise or to find that a proposed settlement constitutes the best results obtainable to ensure that the settlement reaches the threshold of reasonableness.  Instead, the Court should "canvass the issues" to determine whether the proposed settlement is fair and equitable, is in the best interests of the estate and otherwise does not fall outside the range of reasonableness. *In re Apex Oil Co.*, 92 B.R. 847, 867 (Bankr. E.D. Mo. 1988).

28.     Here, the Trustee considered several factors in determining that entry into the Settlement Agreement was in the best interest of the estate.

29.     First, the Trustee and the Defendants engaged in negotiations in good faith, at arms' length, and were represented by counsel experienced in litigation and bankruptcy. As a result, the Parties were fully informed and advised with respect to the economic and legal implications of the resolution embodied in the Settlement Agreement.

30.     Second, the Trustee reviewed the Defendants' financial condition and came to the conclusion that, even if the Trustee were successful at trial, he would have a difficult time collecting thereon from the Defendants.

31.     Third, the Trustee analyzed the circumstances giving rise to the claims against the Defendants and the probabilities of success should such claims be adjudicated on the merits. While the Trustee believes he would ultimately be successful at trial, there are risks the Trustee has identified related to successfully carrying his burden of proof on certain of the claims contained in the Amended Complaint.

32.     Consequently, the Trustee believes there is a significant benefit to sidestepping the exposure to these potential evidentiary risks, as well as the mounting administrative costs generated in connection with continuing the Adversary Proceeding, including the costs of obtaining an expert report and expert testimony as to the Debtor's insolvency, resolving these issues quickly, and securing value for the estate without further work or litigation. Once these potential evidentiary risks and the mounting administrative costs of the Adversary Proceeding are taken into consideration, the settlement for $60,000.00, a waiver of the Daniel Reifer Claims, and the exchange of mutual releases between the Parties is eminently reasonable.

33.     Based on the foregoing, the Trustee respectfully submits that the Settlement Agreement is fair and equitable, is in the best interest of the Debtor's estate, and is well above the lowest point in the range of reasonableness. Accordingly, the Trustee respectfully requests that the Court enter the Proposed Order approving the Settlement Agreement.

## NOTICE

34.     Notice of this Motion will be given in accordance with Bankruptcy Rule 2002.  The Trustee submits that such notice constitutes good and sufficient notice and that no other or further notice need be given.

## NO PRIOR REQUEST

35.     No previous application for the relief requested herein has been made to this or any other court.

**WHEREFORE**, the Trustee respectfully requests entry of the Proposed Order along with such other and further relief as the Court determines to be just and proper.

Dated:    New York, New York
          February 13, 2024

                              **KLESTADT WINTERS JURELLER**
                              **SOUTHARD & STEVENS, LLP**

                    By:   _/s/ Kathleen M. Aiello_
                          Kathleen M. Aiello
                          Andrew C. Brown
                          200 West 41st Street, 17th Floor
                          New York, New York 10036
                          Tel: (212) 972-3000
                          Fax: (212) 972-2245
                          Email: kaiello@klestadt.com
                               abrown@klestadt.com

                          _Counsel to Plaintiff Yann Geron, Chapter 7_
                          _Trustee_

# Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
In re                                 :

                                         :        Chapter 7

EIGHT-115 ASSOCIATES, LLC,          :

                                           :        Case No. 20-11812 (MG)

                Debtor.       :
-----------------------------------------------------------x
YANN GERON, as Chapter 7 Trustee of   :
Eight-115 Associates, LLC,           :

                                           :

                Plaintiff,      :

                                           :

      -against-                   :       Adv. Pro. No. 22-01126 (MG)

                                           :

                                           :

DANIEL REIFER, RMC EQUITIES, LLC   :
and DRR IRREVOCABLE TRUST,        :

                                           :

              Defendants.    :
-----------------------------------------------------------x

## SETTLEMENT AGREEMENT

In this stipulation (the "Stipulation") (A) Yann Geron (the "Trustee"), the Chapter 7 trustee of the estate of Eight-115 Associates, LLC (the "Debtor") and the plaintiff in the above-captioned adversary proceeding (the "Adversary Proceeding"); and (B) Daniel Reifer ("Reifer"), RMC Equities, LLC ("RMC Equities"), and DRR Irrevocable Trust (each a "Defendant", and collectively, the "Defendants") (parties to this Stipulation are collectively referred to herein as the "Parties", each a "Party"), have agreed to resolve all issues concerning the Adversary Proceeding according to the terms set forth below:

**RECITALS**

## I. Introduction

A.      On August 6, 2020 (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>").

B.      On or around August 7, 2020, the Trustee was appointed interim trustee of the Debtor's estate. On September 18, 2020, the Trustee presided over the first meeting of creditors in the Debtor's case and became the permanent trustee herein by virtue of section 702(d) of the Bankruptcy Code.

## II. Proofs of Claim

C.      Following the Petition Date, Reifer, by and through his respective corporate entities, filed seven different claims against the Debtor's estate.

D.      On November 6, 2020, RMC Holdings LLC filed Claim Number 2 as a general unsecured claim on the claims register for the Debtor's case in the amount of $85,000 (the "<u>RMC Holdings Claim</u>").

E.      On November 6, 2020, Reifer filed Claim Number 3 as a general unsecured claim on the claims register for the Debtor's case in the amount of $85,000 (the "<u>Reifer Claim</u>").

F.      On November 6, 2020, RMC Equities filed Claim Number 4 as a general unsecured claim on the claims register for the Debtor's case in the amount of $61,222.86 (the "<u>RMC Equities Claim</u>").

G.      On November 6, 2020, Three Nickels LLC, an entity owned by Reifer, filed Claim Number 5 as a general unsecured claim on the claims register for the Debtor's case in the amount of $56,000 (the "<u>Three Nickels Claim</u>").

H.      On November 6, 2020, 1717 Rochester, LLC, an entity owned by Reifer, filed Claim Number 6 as a general unsecured claim on the claims register for the Debtor's case in the amount of $44,360.30 (the "1717 Rochester Claim").

I.       On November 6, 2020, Eastern-D, LLC, an entity owned by Reifer, filed Claim Number 7 as a general unsecured claim on the claims register for the Debtor's case in the amount of $31,100 (the "Eastern-D Claim").

J.       On November 6, 2020, 2 Macon Street Associates, L.P., an entity owned by Reifer, filed Claim Number 8 as a general unsecured claim on the claims register for the Debtor's case in the amount of $10,000 (the "2 Macon Street Claim", and together with the RMC Holdings Claim, Reifer Claim, RMC Equities Claim, Three Nickels Claim, 1717 Rochester Claim, and Eastern-D Claim, the "Daniel Reifer Claims").

## III. The Signature Bank Loans

K.      On or about November 25, 2014, Signature Bank extended a loan (the "First Loan") to the Debtor in the principal amount of $5,775,000.00, pursuant to an Amended, Consolidated and Restated Mortgage Note, which was secured by a certain Mortgage Consolidation, Modification, Security Agreement and Fixture Filing, both dated November 25, 2014.

L.      On November 4, 2016, Signature Bank extended a second loan (the "Second Loan") to the Debtor in the principal amount of $1,150,000.00, pursuant to a duly executed Mortgage Note, which was secured by a certain Second Mortgage, Security Agreement, Assignment of Leases and Rent and Fixture Filing, both dated November 4, 2016.

## IV. The Adversary Proceeding

M.      On August 5, 2022, the Trustee commenced the Adversary Proceeding by filing a complaint against the Defendants seeking, among other things, to avoid certain alleged transfers

3

of the First Loan and Second Loan proceeds (collectively, the "Transfers") from the Debtor to the Defendants as intentional and constructive fraudulent transfers [Adv. Pro. Docket No. 1]. The Trustee also asserted that the Defendants had been unjustly enriched as a result of their receipt of the Transfers. The Trustee also sought to disallow each of the Daniel Reifer Claims pursuant to Section 502 of the Bankruptcy Code.

N.     On September 7, 2022, Defendants filed the *Defendants' Motion for Entry of an Order Abstaining from this Adversary Proceeding, or, Alternatively, Dismissing the Complaint* (the "Motion to Dismiss") [Adv. Pro. Docket Nos. 4 and 5]. A Hearing on the Motion to Dismiss was held on March 2, 2023.

O.     Following entry of the Bankruptcy Court's *Memorandum Opinion and Order Granting in Part and Denying in Part Motion to Dismiss*, dated March 29, 2023 [Adv. Pro. Docket No. 23], the Trustee filed an amended complaint, dated April 28, 2023 (the "Amended Complaint") [Adv. Pro. Docket No. 25].

P.     On May 19, 2023, the Defendants filed an Answer to the Amended Complaint (the "Answer") [Adv. Pro. Docket No. 27].

Q.     After the filing of the Answer, the Parties continued to engage in extensive discovery.

R.     The Defendants deny all the claims contained in the Amended Complaint and expressly reserve all defenses thereto to the extent this Stipulation is not approved by the Bankruptcy Court.

S.     By this Stipulation, the Parties wish to settle and resolve all issues and disputes related to and arising from the Amended Complaint and the Adversary Proceeding, according to the terms set forth below:

## AGREEMENT

**NOW THEREFORE**, relying specifically on the foregoing recitals and in consideration of the mutual promises and covenants contained herein, the Parties hereby stipulate and agree as follows:

1.     <u>Incorporation of Recitals</u>. The foregoing recitals are hereby incorporated herein by reference and are expressly acknowledged and agreed to by the Parties.

2.     <u>Settlement Payment and Delivery</u>. Simultaneously with the execution of this Stipulation, the Defendants shall pay the sum of sixty thousand ($60,000.00) dollars (the "<u>Settlement Payment</u>") to the Trustee, by delivering a check made payable to "Yann Geron, as Chapter 7 Trustee of the estate of Eight-115 Associates, LLC" to the following address: Geron Legal Advisors, 370 Lexington Avenue, Suite 1101, New York, New York 10017, Attn: Yann Geron, Chapter 7 Trustee. At Defendants' request, the Trustee will provide Defendants, under separate cover, with wire instructions for transmission of the Settlement Payment.

3.     <u>Bankruptcy Court Approval Required</u>. This Stipulation is subject in all respects to the approval of the Bankruptcy Court evidenced by the entry of a written order (an "<u>Approval Order</u>"). The Trustee shall file a motion seeking an Approval Order (the "<u>Approval Motion</u>") by no later than two (2) weeks following the signing of this Stipulation by all Parties and delivery and clearance of the Settlement Payment. None of the Parties shall be bound by the provisions of this Stipulation unless and until the Bankruptcy Court enters the Approval Order, and the Approval Order becomes final and non-appealable (a "<u>Final Order</u>"). If this Stipulation is not approved by the Bankruptcy Court for any reason, then, within ten (10) business days of entry of an order by the Bankruptcy Court denying the Approval Motion, the Trustee shall return the Settlement

Payment to the Defendants and this Stipulation shall be deemed null and void and of no force and effect.

4. <u>Conditions Precedent</u>. The terms of this Stipulation shall become effective (the "<u>Effective Date</u>") upon satisfaction of all of the following conditions: (a) execution by the Parties of this Stipulation; (b) receipt and clearance of the Settlement Payment by the Trustee; and (c) the Approval Order by the Bankruptcy Court becoming a Final Order.

5. <u>Stipulation of Dismissal with Prejudice</u>. Within five (5) business days of the Effective Date, the Trustee's counsel shall file a stipulation of dismissal with prejudice of the Adversary Proceeding. The Defendants agree and consent to the inclusion of their counsel's electronic signature on such stipulation as authorized by this Stipulation, provided it does not provide for anything other than the dismissal of this Adversary Proceeding with prejudice.

6. <u>Release of Claims by the Trustee and the Debtor's Estate</u>. Upon the Effective Date, the Trustee on behalf of himself and the Debtor, its estate and creditors, shall be deemed to have waived, set aside, discharged, settled, compromised, and released any and all claims (to be interpreted in the broadest manner possible), causes of action, rights and remedies he has, had or may have against the Defendants which arise from or otherwise relate to the Debtor's bankruptcy case, the Amended Complaint and the Adversary Proceeding; provided, however, that the foregoing release in this paragraph 6 shall not apply to and shall not be deemed to release or discharge (i) any express obligations arising under and pursuant to this Stipulation of the Defendants, until such time as they are satisfied in full or rendered moot or (ii) any claims relating to any breach of the obligations arising under and pursuant to this Stipulation.

7. <u>Release of Claims by the Defendants</u>. Upon the Effective Date, the Defendants shall be deemed to have waived, set aside, discharged, settled, compromised, and released any and all

claims (to be interpreted in the broadest manner possible), causes of action, rights and remedies they have, had or may have against the Trustee or the Debtor's estate which arise from or otherwise relate to the Debtor's bankruptcy case, the Amended Complaint and the Adversary Proceeding; provided, however, that the foregoing release in this paragraph 7 shall not apply to and shall not be deemed to release or discharge (i) any express obligations arising under and pursuant to this Stipulation of the Trustee, on behalf of himself as Trustee, the Debtor, or the Estate, until such time as they are satisfied in full or rendered moot or (ii) any claims relating to any breach of the obligations arising under and pursuant to this Stipulation.

8.  <u>Daniel Reifer Claims Expunged</u>. Upon the Effective Date, without the need for further action or Order of the Bankruptcy Court, each of the Daniel Reifer Claims shall be deemed disallowed and expunged from the Debtor's claims register.

9.  <u>Discovery Deadlines</u>. The deadlines in the Adversary Proceeding, including any discovery deadlines, regarding the Trustee's claims against the Defendants and the Defendants' rights and defenses in respect of the same, are suspended indefinitely pending the Bankruptcy Court's determination of the Approval Motion. If the Bankruptcy Court does not grant the Approval Motion, the Trustee and the Defendants shall meet and confer in good faith to negotiate a new discovery schedule, which shall be subject to the Bankruptcy Court's approval.

10. <u>No Third-Party Beneficiary Rights</u>. This Stipulation is not intended to and shall not be construed to give any person, other than the Parties to this Stipulation, any interest or rights, including, without limitation, any third-party beneficiary rights, with respect to or in connection with any agreement or provision contained herein.

11. <u>Entire Agreement/No Oral Modification</u>. The Parties represent that this Stipulation constitutes the entire agreement among them in this matter and that this Stipulation may not be

changed, modified or altered in any way or manner, except in writing, signed by the party against which such change, modification or alteration is sought to be enforced.

12. <u>Execution in Counterparts</u>. This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.  Any signature delivered by a party via electronic transmission shall be deemed an original signature hereto.

13. <u>Bankruptcy Court Jurisdiction</u>. The Bankruptcy Court shall retain jurisdiction with respect to all matters arising from or related to this Stipulation, including, without limitation, for purposes of enforcing the terms and conditions of this Stipulation.

14. <u>No Waiver</u>. No failure or delay by either Party in exercising any right, power, or privilege under this Stipulation or applicable law shall operate as a waiver by that Party of any such right, power or privilege.

15. <u>No Admissions</u>. No Party shall be deemed to have admitted to any wrongdoing, to any of the allegations set forth in any pleadings filed by the other Parties, or to having any liability to any other Parties, solely by virtue of having entered into this Stipulation.

16. <u>Representations of Authority</u>. The persons signing below each represents and warrants that he has the authority to enter into this Stipulation on behalf of the Party on whose behalf he so signs.

17. <u>Costs</u>. Each Party to this Stipulation shall bear its own attorneys' fees and costs.

**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed by their duly authorized representatives as of the date set forth below.

Dated:  New York, New York
January 18, 2024

Dated:  New York, New York
January 18, 2024

**MCGRAIL & BENSINGER LLP**

**KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**

By:  _/s/ Veronique Urban_
Ilana Volkov
Veronique Urban
888-C 8th Avenue #107
New York, New York 10019
Tel: (201) 931-6910
Email:
ivolkov@mcgrailbensinger.com
vurban@mcgrailbensinger.com

By:  _/s/ Kathleen Aiello_
Kathleen Aiello
Andrew Brown
200 West 41st Street, 17th Floor
New York, New York 10036
Tel: (212) 972-3000
Email: kaiello@klestadt.com
        abrown@klestadt.com

_Counsel to Defendants_

_Counsel to Plaintiff, Yann Geron, Chapter 7 Trustee_

# Exhibit B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
In re                                              :
                                                   :          Chapter 7
EIGHT-115 ASSOCIATES, LLC,                          :
                                                   :          Case No. 20-11812 (MG)
                            Debtor.                 :
------------------------------------------------------------x
YANN GERON, as Chapter 7 Trustee of                :
Eight-115 Associates, LLC,                          :
                                                   :
                            Plaintiff,             :
                                                   :
          -against-                                :          Adv. Pro. No. 22-01126 (MG)
                                                   :
                                                   :
DANIEL REIFER, RMC EQUITIES, LLC                   :
and DRR IRREVOCABLE TRUST,                          :
                                                   :
                            Defendants.            :
------------------------------------------------------------x

### ORDER, PURSUANT TO FED. R. BANKR. P. 9019, APPROVING THAT CERTAIN SETTLEMENT AGREEMENT BY AND BETWEEN THE PLAINTIFF-TRUSTEE AND DEFENDANTS DANIEL REIFER, RMC EQUITIES, LLC, AND DRR IRREVOCABLE TRUST

Upon the motion ("Motion")[1] of Yann Geron, plaintiff in the above-captioned adversary proceeding and Chapter 7 trustee for the estate of Eight-115 Associates, LLC, by and through his counsel, Klestadt Winters Jureller Southard & Stevens, LLP, for entry of an order, pursuant to Bankruptcy Rule 9019, approving that certain *Settlement Agreement* (the "Settlement Agreement"), dated January 18, 2024, by and between (A) the Trustee, and (B) Daniel Reifer, RMC Equities, LLC, and DRR Irrevocable Trust; and due and proper notice of the Motion and hearing thereon having been given to all creditors and parties in interest as required by Bankruptcy Rule 2002; and the Court having considered the Motion at the hearing held on March 11, 2024,

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

the record of which is incorporated herein by reference; and any objections to the Motion not already resolved or withdrawn having been overruled on the merits; and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual basis set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore;

**IT IS HEREBY ORDERED THAT**:

1.      The Settlement Agreement is approved and the Parties are fully authorized and directed to consummate the terms thereof.

2.      Each of the Daniel Reifer Claims are hereby disallowed and expunged in their entirety from the Debtor's Claims Register.

3.      This Court shall retain jurisdiction to, among other things, interpret and enforce the terms and provisions of this Order and the Settlement Agreement.

Dated:    New York, New York
_____, 2024

_____
HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY
JUDGE